*William Steele, for appellant.*

*Yeaman, for appellees.*

---

C. E. SOUTHARD ET AL *v.* EMILY PAGE ET AL.

Land—Title—Unrecorded Deed—Possession.
>   A party in actual possession, holding under an unrecorded deed has
>   a superior title to one claiming under a subsequent deed, which has
>   been recorded.

Judgment Against Vendor Binding on Vendee.
>   A judgment against a vendor is binding on him and his vendee until
>   reversed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 25, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

In a suit of Cushing's administrator vs. D. R. Southard and others a litigation sprang up and was adjudicated between L. A. Whitely and C. O. Page, as trustee for appellee, both claiming to be vendees of James D. Southard to 273¾ acres of land in Jefferson county.   The latter by an unrecorded deed dated November 7, 1850, *with actual possession;* the former by recorded.deed dated April 3, 1854.

This litigation resulted in a decree rendered January 3, 1857, establishing the unrecorded deed of C. O. Page, trustee, and adjudging the title of the land to him.

This unrecorded deed from James D. Southard to C. O. Page purports to be attested by four subscribing witnesses, and was filed in said suit.

One of these attesting witnesses, C. A. Page, is now a lunatic, two others are dead, leaving as the only surviving one capable of testifying, N. Bensinger. To this litigation D. R. Southard, the father of J. D. Southard, was also a party before the court by actual process, as was Whitely, the vendee of said J. D. Southard.

December 2, 1864, more than seven years after the rendition of said judgment, James D. Southard moved the court to set aside the judgment and relitigate the causes of action, and denied the execution of said deed to C. O. Page, and yet in his deposition taken April 25, 1867, he says he is not directly nor indirectly interested in the event of the suit, having conveyed to L. A. Whitely and Mrs. Rawlings. He nowhere repudiates the deed given to Whitely of 1854, though it was executed by his father as attorney in fact for him, but acknowledges it.

As he really had no interest in the recovery of the land, having parted with the legal title, and his vendee being before the court, it is not perceived why he should be allowed to open the decree of January 3, 1857, even had he moved to do so within the time allowed by the Code, which was not the case.

The judgment of 1854 is binding upon his vendee Whitely so long as it shall stand unreversed, and the time in which he could be allowed to assail it by appeal having long since expired, this effort of his vendor to open the decree is to avoid the legal consequences of said unreversed judgment. The only possible view in which J. D. Southard could be permitted to open said judgment and defend against C. O. Page assertion of title would be because of his liability to Whitely upon his special warranty; therefore, if he had sufficient interest to allow him to open and relitigate the question of title adjudicated in 1854, he had sufficient interest to exclude him as a witness, but he nowhere sets up this as a ground for his litigation. The original deed to C. O. Page as trustee by some means became abstracted from the papers, but a certified copy was preserved; this, together with the judgment of 1857 and the prior and subsequent possession of C. O. Page and the beneficiaries, must prevail over the oral testimony of J. D. Southard and the vague statements of the surviving subscribing witness, especially fortified as they are by the evidence of Homson and others.

Therefore, whether the court was right or wrong in opening the judgment of 1857, it was certainly right in re-affirming it on the

final hearing and quieting the title of Emily Page under the deed of trust to C. O. Page, and said judgment is, therefore, affirmed.

*Brown, for appellants.*

*Harrison & Bennett, for appellees.*